BY THE COURT.
Our statute (29 O. L. 77) only allows writ •of error to remove the final judgment of the Court of Common Pleas, and provides for returning a transcript of the record with the writ. Ande of this court,in 1831, requires a copy of the record to be exhibited to the judge allowing the writ of error, and permits the ¡same copy to be returned, with the writ. The proceedings before us are neither copies of records, nor of final judgments. They are mere copies of proceedings still in fieri. The writ has been improvidently allowed to issue, for the case is still pending in the court below. How can the case be before this court on error, and at the same time before the Common Pleas on its merits ? Can we have ‘part of a case on error, and that court the residue ? The certiorari to remove a case from a justice into the Common Pleas, when the cause is retained in that court for further proceeding, in reference to the further proceeding in the cause, takes the place of mesne process. Perhaps the decision of the court may yet be with the plaintiff in error, and he have no cause of complaint. At any rate, we cannot proceed, in anticipation of error in the Court of Common Pleas.
•’ In fact, it does not appear that any writ of error has been issued; nor is there any appearance, or plea, to the assignment of errors. The counsel then proposed to consider the issue made up.
*GOURT. No agreed case can give this court jurisdiction to [308 *314 examine into the errors of the courts of Commom Pleas, except on their record of the final judgment. The writ of error is the authority of this court to examine the records of the Common Pleas; without it our judgment upon the records of that court have no-force. Counsel or.parties cannot give jurisdiction by agreement-The writ of error goes to the inferior court, not the party, and the-return is by the court or the clerk; the party cannot waive this, because it is not directed to him, nor intended to compel his attendance. The citation, on the contrary, is to the party, and its object is to bring him into court; he may,-therefore, appear voluntarily, and waive the citation or service. As to considering an issue made-up, we do not know how that is to be made manifest in our records.. If counsel are too indolent to make up their issues, or cannot find time to do so, we cannot hear their causes.
Case ordered to be struck from the docket.
[Issuance, service and return of writ of certiorari cannot be-waived; Stemble v. Hewling, 2 O. S. 228, 233. It is necessary to-the jurisdiction; Walker v. Walker, 4 W. L. M. 32, 36.]